**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
_____ Division**

**CASE NO.:** _____

WILLIAM PICKRELL, SUSAN STOKES, MARK F. WOODARD,           )
LARRY R. WRYE, MICHAEL SENECAL, & GEORGE STRIPLING         )
as Trustees                                                )
of the PLUMBERS & PIPEFITTERS LOCAL UNION NO. 630          )
PENSION-ANNUITY TRUST FUND, the PLUMBERS & PIPEFITTERS     )
LOCAL UNION NO. 630 WELFARE FUND,                          )
and the PLUMBERS & PIPEFITTERS LOCAL UNION NO. 630         )
JOINT APPRENTICE & TRAINING TRUST FUND,                    )
                                                           )
    Plaintiffs,                         )
                                                           )
vs.                                                        )
                                                           )
ACKERMAN PLUMBING, INC.                                    )
                                                           )
    Defendant.                          )
_____/

## COMPLAINT

Plaintiffs WILLIAM PICKRELL, MARK F. WOODWARD, LARRY R. WRYE, SUSAN STOKES, MICHAEL SENECAL, and GEORGE STRIPLING as TRUSTEES OF THE PLUMBERS & PIPEFITTERS LOCAL UNION NO. 630 PENSION-ANNUITY TRUST FUND, PLUMBERS & PIPEFITTERS LOCAL UNION NO. 630 WELFARE FUND, and PLUMBERS & PIPEFITTERS LOCAL UNION NO. 630 JOINT APPRENTICE AND TRAINING TRUST FUND, (the "Trustees" or the "Funds") sue Defendant ACKERMAN PLUMBING, INC., (the "Defendant") as follows:

### I.   NATURE OF ACTION, JURISDICTION, AND VENUE

1. This is a delinquent contributions collection action, brought by the Trustees on behalf of the Funds, which arises under the laws of the United States that contain their own

      jurisdictional requirements: Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145.

2. Pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), venue is proper in this Court because the Trustees administer the Funds and Defendant's breach occurred in Palm Beach County, Florida.

## II.    PARTIES

3. The Trustees have been at all times material hereto, trustees and fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Funds are "employee benefit plans" and "multiemployer plans" as defined by Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and §1002(37).

4. Upon information and belief, Defendant is Florida corporation doing business under the name ACKERMAN PLUMBING, INC., and has a principal business address of 2011 Whitfield Park Loop, Sarasota, FL 34243.

5. Defendant is an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

## III.    CAUSE OF ACTION

6. Defendant agreed to be bound and remains bound and paid contributions to the Funds pursuant to a collective bargaining agreement as it related to wage rates and contribution obligations to the Funds.

7. A true and correct copy of the most current collective bargaining agreement is attached as Exhibit 1 and that collective bargaining agreement remains in full force and effect.

8. Defendant employed persons within the trade and territorial jurisdiction of the collective bargaining agreement and thus, became obligated to pay all fringe benefit contributions

and other payments to the Funds on a timely basis that are due to the Funds.

9. Defendant breached said agreement by failing to make full and complete payment of the fringe benefit contributions and other payments that were due to the Funds for payroll periods after December 31, 2017; and by failing to post a $5,000.00 bond as the Trustees demanded.

10. The Trustees have been required to employ the undersigned attorneys to collect the monies that are owed by Defendant, and are obligated to pay these attorneys' reasonable attorneys' fees.

11. The Trustees have complied with all conditions precedent in bringing this suit.

**WHEREFORE**, the Trustees respectfully request that this Court enter a Judgment against all Defendants, providing:

a. An award of damages for all late fees, unpaid fringe benefit contributions and other payments due for payroll periods after December 31, 2017 together with all liquidated damages, interest; plus all reasonable attorneys' fees and costs; and,

b. Such other relief as is just and proper.

Respectfully submitted,

BY: /s/ D. Marcus Braswell, Jr.
**D. MARCUS BRASWELL, JR. (146160)**
**mbraswell@sugarmansusskind.com**
**SUGARMAN & SUSSKIND, P.A.**
100 Miracle Mile, Suite 300
Coral Gables, Florida  33134
Tel.:   (305) 529-2801
Fax:   (305) 447-8115

**Attorneys for the Plaintiffs Trustees**

This 26th day of February, 2018